IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>RENTGROW, INC.,<br><br>    Defendant. | Case No. 3:23-cv-00666 |

**PLAINTIFF'S MOTION AND MEMORANDUM FOR LEAVE TO PROCEED UNDER PSEUDONYM, OR IN THE ALTERNATIVE, MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c)(1), Plaintiff, John Doe, respectfully moves the Court for leave to proceed under pseudonym, or in the alternative, for entry of a protective order, to protect the identity of the Plaintiff where there is no less drastic means available to do so.

**I.    BACKGROUND**

The very nature of the case elucidates the reason that Plaintiff is entitled to protection and should be permitted to proceed pseudonymously. Plaintiff's claims are brought under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681, *et seq.*, arising out of the sale of an inaccurate tenant screening report that Defendant RentGrow, Inc. ("RentGrow") published to Plaintiff's prospective landlord, which inaccurately reported Plaintiff's criminal record. After reviewing the RentGrow report, Plaintiff's rental application was denied. [Dkt. No 1, ¶ 5].

1

RentGrow's report includes information concerning a criminal conviction that was expunged by the Elkhart Superior Court No. 6 on January 19, 2023. [Dkt. No. 1, ¶ 46]. Consequently, this criminal record is not in existence because it was expunged and, as a result, Plaintiff has no criminal record.

## II.  LEGAL ARGUMENT

### a.  The Court Has Authority to Allow Plaintiff to Proceed Under Pseudonym.

This case is brought pursuant to the FCRA, which protects consumers from the exposure of private or inaccurate facts. The FRCA acknowledges the importance of confidentiality in its description of the purpose of the Act:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the ***confidentiality, accuracy, relevancy, and proper utilization of such information*** in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b) (emphasis added).

The FCRA also provides that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). To protect consumers as fully as possible from unwarranted disclosures, the FCRA provides

for statutory penalties, as well as recovery of compensatory damages, punitive damages, attorneys' fees and costs.

Additionally, Fed. R. Civ. P. 26(c) provides, in relevant part, that "for good cause shown, the court in which the action is pending…may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Federal courts in the Seventh Circuit have the authority to allow plaintiffs to proceed pseudonymously. *See e.g., Doe v. City of Indianapolis*, No. 1:12-cv-00062-TWP-MJD, 2012 U.S. Dist. LEXIS 24686 at *7 (S.D. Ind. Feb. 27, 2012); *Doe v. Bd. of Trs. of Ind. Univ.*, No. 1:22-cv-00524-RLY-MG, 2022 U.S. Dist. LEXIS 77220, at *8 (S.D. Ind. Apr. 28, 2022). A party must demonstrate "whether [they have] a substantial privacy right that outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *City of Indianapolis*, 2012 U.S. Dist. LEXIS 24686 at *2 (S.D. Ind. Feb. 27, 2012) (internal citations omitted). The factors considered by courts in the Seventh Circuit when weighing these interests include: "1) whether the plaintiff is challenging governmental activity or an individual's actions; 2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; 3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; 4) whether identification would put the plaintiff at risk of suffering physical or mental injury; 5) whether the defendant

3

would be prejudiced by allowing the plaintiff to proceed anonymously; and 6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system." *Id*. at *3 (internal citations omitted).

      **b.     Plaintiff Has a Need to Preserve Privacy in a Matter of a Highly Personal or Sensitive Nature that Would Render the Purpose of Expungement Futile.**

Plaintiff's claims against RentGrow arise out of a tenant screening report published by RentGrow, Inc. to Plaintiff's prospective landlord. The tenant screening report – a "consumer report" within the vernacular of the FCRA – inaccurately reported a criminal record that was expunged in Elkhart County, Indiana. Pursuant to Indiana Code § 35-38-9, when a criminal record is expunged, it is removed from public record; the primary relief granted by this statute is in fact the privacy granted to Plaintiff. Because of the inaccuracies in the consumer report prepared by RentGrow, Plaintiff's rental application was rejected. As a result, he has been unable to rent suitable housing and has experienced substantial actual damages, including, without limitation, significant emotional distress, embarrassment, inconvenience, anxiety, fear of homelessness, and financial loss.

Attaching Plaintiff's true name to this lawsuit, if it remains unsealed, would render the relief granted to Plaintiff by Indiana state law ineffective by creating a publicly available record containing specific references to the expunged criminal record. The harm to Plaintiff in having his identity revealed is certain and severe. In

order to litigate his claims against RentGrow, the parties will necessarily have to present evidence as to Plaitniff's expunged criminal conviction and arrest. Without using a pseudonym, Plaintiff's name and his expunged criminal record will become public, and he will be stripped of the protections which his expungement and the FCRA afford him. Simply put, Plaintiff would be creating a public record linking him to a felony conviction, where no such record should exist – and in fact where no such record **does** exist – a fact which undergirds the entirety of this lawsuit. Creating this public record will have adverse impacts on Plaintiff, including negatively impacting Plaintiff's future housing opportunities, as it did in the circumstances which led to the claims at issue in this lawsuit.

### c. The Public Interest is Tempered by the Public's Conflicting Interest in Allowing Litigants to Vindicate Their Rights.

The public interest in knowing the identity of Plaintiff does not extend beyond the basic public interest in keeping legal proceedings transparent, in general. There is nothing about Plaintiff's identity or status which elevates the public interest in this case. Without leave to proceed under a pseudonym, Plaintiff would be required "to disclose information of the utmost intimacy" by proceeding under his full name. *City of Indianapolis*, 2012 U.S. Dist. LEXIS 24686 at *2 (S.D. Ind. Feb. 27, 2012). This would cause further risk of suffering further mental injury. *Id.* Absent anonymity, in order to pursue his FCRA claim and be made whole thereunder, Plaintiff would be required to disclose his full name and the reveal the expunged crime, creating a

5

public record wherein uninterested parties would have access to a criminal record that has been expunged and wiped from public consciousness. Without leave to proceed under pseudonym, Plaintiff will be forced to choose between maintaining the clear judicial record wherein no publicly available information links him to the felony or prosecuting the statutory protections provided by the FCRA.

The usual public interest in open judicial proceedings is tempered by the public's conflicting interest in allowing litigants to vindicate their rights under federal law – in this case, the FCRA – without visiting upon themselves the same injury for which they are suing. That is, an order denying permission to proceed in pseudonym in this case would have a chilling effect on any consumer's ability to vindicate his rights where criminal records are improperly reported. Furthermore, the public interest will continue to be served, even with the Plaintiff proceeding pseudonymously, as the record in this case will not be sealed and the legal and procedural rulings in this case will remain a matter of public record. *Doe v. Purdue Univ.,* 321 F.R.D. 339, 343 (N.D. Ind. 2017).

      **d.    RentGrow Will Not Be Prejudiced by Plaintiff Proceeding Pseudonymously.**

Allowing Plaintiff to proceed under pseudonym would not prejudice RentGrow, who will be able to fully and fairly litigate against Plaintiff without publicly revealing his identity. First, Plaintiff will provide RentGrow with relevant information concerning Plaintiff's identity to allow RentGrow to identify Plaintiff

within its records. Second, to the extent that Plaintiff can limit damage to his reputation by not further identifying himself in connection with RentGrow's inaccurate consumer reporting, allowing Plaintiff to proceed pseudonymously is also in RentGrow's interest as it ultimately will be liable for the reputational harm to Plaintiff caused by its wrongful conduct.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff seeks an order protecting his privacy and confidentiality throughout the proceedings and to avoid disclosure of his identity so as to avoid making his expunged record public. Specifically, Plaintiff respectfully asks this Court to permit him to proceed in this Court in pseudonym. In the alternative, and if Plaintiff's identity must be revealed in these proceedings, pursuant to Fed. R. Civ. P. 26(c), Plaintiff requests this Court enter a protective order which would require any reference to his true identity or identifying information to be filed under seal.

Respectfully submitted this 13th day of July 2023,

**CONSUMER ATTORNEYS**
*/s/ James Ristvedt*
James Ristvedt, AZ Bar #035938
8245 N. 85th Way
Scottsdale, AZ 85258
E: jristvedt@consumerattorneys.com
T: (480) 626-1956

>David A. Chami, AZ No. 027585
>8245 N. 85th Way
>Scottsdale, Arizona 85258
>T: (480) 626-2359
>E: dchami@consumerattorneys.com
>
>*Attorneys for Plaintiff John Doe*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. Notice of such filing will be sent to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Nataly Clark*
